# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re:  Zurn Pex Plumbing Products
        Liability Litigation

**MEMORANDUM OPINION
AND ORDER**
MDL No. 08-1958 ADM/RLE

___

Shawn M. Raiter, Esq., Larson King, LLP, St. Paul, MN, appeared for and on behalf of Plaintiffs.

James A. O'Neal, Esq., Faegre & Benson LLP, Minneapolis, MN, appeared for and on behalf of Defendants.

___

## I. INTRODUCTION

On May 26, 2009, the undersigned United States District Judge heard oral argument on Plaintiffs' Motion to Compel Production of Electronically Stored Information ("ESI") [Docket No. 59]. Defendants Zurn Pex, Inc. and Zurn Industries, Inc. (collectively "Zurn") argue that the Court should deny the motion because Plaintiffs have sufficient information relevant to class certification and the production of ESI will be unduly burdensome and costly. For the reasons set forth below, Plaintiffs' motion is granted in part.

## II. BACKGROUND

This litigation alleges that Zurn's design and choice of materials for use in brass plumbing fittings caused damage to Plaintiffs' property. In an initial discovery Order, Magistrate Judge Raymond L. Erickson bifurcated discovery and ordered the parties to focus first on the issue of class certification. Cox v. Zurn Pex, Inc., No. 07-3652, *8 [Docket No. 22] (the "October 26, 2007 Order"). At that time, Judge Erickson denied Plaintiffs' request for ESI stating that while "ESI may prove to be relevant to the first stage of discovery, we cannot

meaningfully make that prediction now, and require the parties to engage in what could be vastly more expensive, and yet utterly futile, discovery." Id. However, Judge Erickson also stated that "should the parties uncover voids in the information disclosed in hard copy form, they are . . . at liberty to press for further discovery including electronically stored information." Id. at *9.

The parties have worked amicably throughout the discovery process, and Zurn has produced substantial amounts of hard copy documents. It appears, based on third party discovery, that all of the communications regarding warranty claims and aggressive water have not been disclosed. Raiter Aff. [Docket No. 62] Exs. A, B, C. As a result of this Court's November 26, 2008 Order [Docket No. 33], Plaintiffs deposed Bill Masek about Zurn's policies regarding its email and computer systems, IT policies, and preservation of ESI. Raiter Aff. Ex. F. If an employee maintained ESI in either e-mail folders or the shared "J Drive" on the network system, that information is readily available. Id. Ex. G (Masek Dep.) at 71-72. Additionally, each employee has his or her own file on the J Drive, and it is easy to search those files. Id. at 38, 46. Zurn also keeps DVDs of the information on the computers of employees who have left the company. Id. at 41-42. Finally, Zurn maintains a "K drive" that is shared by over 600 employees and is not segregated into folders based on individual employees. Brumagin Aff. [Docket No. 68] ¶ 4.

Following Masek's deposition, Plaintiffs requested, and Zurn produced, the names of Zurn employees who have received a legal hold notice in relation to this action. Raiter Aff. Ex. N. Plaintiffs responded with a list of 26 search terms that they wanted Zurn to use to search the emails of the identified employees as well as the shared servers (the J and K Drives). Id. Ex. O. Zurn balked at the request, arguing that the information was not necessary for class certification

and that the request was overly broad and would be extremely costly.  Id. Ex. Q.

## III. DISCUSSION

The Federal Rules of Civil Procedure anticipate the need for ESI.  Rule 26(b)(2)(B), however, places specific limitation on the production of ESI.  "A party need not provide discovery of [ESI] from sources that the party identifies as not reasonably accessible because of undue burden or cost."  Fed. R. Civ. P. 26(b)(2)(B).  On a motion to compel discovery, "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."  Id.  Additionally, a court order can further limit discovery.  Id. 26(b)(1).

As a threshold matter, Zurn argues that Judge Erickson's October 26, 2007 Order foreclosed the production of ESI.  It does not.  The Order specifically contemplated that the parties would be allowed to revisit the issue of ESI should they discover "voids in the information disclosed in hard copy form."  October 26, 2007 Order at *9.  The emails from the Zurn distributor that discuss fittings failures and aggressive water, and which had not been produced by Zurn directly, suggest that there are gaps in the hard copy information already disclosed.  See Raiter Aff. Exs. A, B, C.  Accordingly, this Court will revisit the ESI issue in light of Rule 26(b)(2)(B).

Zurn first cites the voluminous documents it has already disclosed and makes the argument that Plaintiffs have sufficient discovery to adequately argue the first phase of the class certification issue.  Def.'s Mem. in Opp'n to Mot. to Compel [Docket No. 67] at 11-13.  This argument glosses over the purpose of discovery, which is to broadly enable parties to obtain the factual information needed to prepare a case for trial.  See Alpern v. UtiliCorp United, Inc., 84

3

F.3d 1525, 1536 (8th Cir. 1996). Even focusing on the narrower issue of class certification, there is a presumption in favor of discovery of Zurn's ESI.

Zurn's second argument, however, that the production of ESI would be unduly burdensome and costly, is a greater concern for the Court. Plaintiffs request roughly 361 gigabytes of data. Brumagin Aff. ¶¶ 2, 3, 4; Freestone Aff. [Docket No. 69] ¶ 5. Zurn represents that by using the generally accepted standard of 75,000 pages per gigabyte, Plaintiffs' request amounts to nearly 27 million pages of documents. Def.'s Mem. in Opp'n to Mot. to Compel at 13, n.4. If the K drive were not searched, the remaining data consists of 48 gigabytes.[1] Zurn also states that a search of the custodians' emails and J drive files will require approximately seventeen weeks and cost $1,150,000, exclusive of vendor collection and processing costs, to review and process the data. Freestone Aff. ¶ 9.

By the Court's calculation, a search of the custodians' emails and J drive files, as well as the DVD copies of information of former Zurn-employee custodians, consists of roughly 3.6 million pages of documents. It is unclear whether Zurn's cost and time numbers are based on a review of 27 million pages of documents, the 3.6 million pages of documents limited to the J Drive and custodians' emails, or a smaller sample of document pages likely to be flagged as a result of a search for certain relevant terms proposed by Plaintiffs. The affidavit of Ms. Freestone, an attorney and not an expert on document search and retrieval, is not compelling evidence that the search will be as burdensome as Zurn avers. The Court is also mindful, however, that many of Plaintiffs' proposed search terms will likely produce a large number of

---

[1] Plaintiffs' counsel indicated at oral argument that they would be amenable to searching only the custodian emails and J drive files.

4

"hits" that have limited relevance in the case. In an effort to control costs, the Court will limit the search to the following fourteen terms based on the likelihood that they will produce relevant documents without including a vast number of documents that are likely irrelevant to the litigation. Zurn shall search the J Drive, the custodians' emails, and the DVDs of the information on the computers of former Zurn-employee custodians using the following terms:

>  (1) AADFW, (2) Corrosion, (3) Corrosive, (4) Corrosive Water, (5) Crack, (6) Dezinc, (7) Dezincification, (8) DZR, (9) Fail, (10) IMR, (11) Leak, (12) MES, (13) SCC, (14) Stress corrosion cracking.

The parties may decide on a different set of fourteen terms if they choose to do so. Additionally, if the search, as ordered by the Court, proves to be overly burdensome or costly, Zurn may renew its objection by presenting the Court with specific information including evidence from computer experts on applying the search terms, the number of documents identified, and the cost and time burdens of vetting documents.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Production of Electronically Stored Information [Docket No. 59] is **GRANTED** in part.  Zurn is ordered to search the custodians' emails and J drive folders, as well as the DVD copies of the files of custodians who are no longer Zurn employees, using the search terms identified herein.

BY THE COURT:


s/ Ann D. Montgomey
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 5, 2009